MAX GURTMAN, PLAINTIFF, v. MARTIN D. HARRIS, DEFENDANT.

Decided October 6, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the rule, *William N. Gurtman.*

*Contra, Filbert L. Rosenstein* and *Alex M. MacLeod.*

PER CURIAM.

The plaintiff entered into a contract with the Roman Realty and Construction Company for the furnishing of labor and material required for the installation of certain galvanized doors, copper vent hoods for gas ranges, galvanized pipes for the same, copper leaders from the roof together with copper gutters, galvanized skylights and other fixtures recited in the agreement. These fixtures were to be installed according to plans designed by one Clark, and the Roman Realty and Construction Company, the owner of the building, agreed to pay for the labor and material the sum of $2,200. This payment was guaranteed by the defendant, Martin D. Harris. The

contract was executed and the guaranty signed on the 30th of March, 1928. The plaintiff completed the work called for by the contract, demanded payment therefor from the Roman Realty and Construction Company, and the demand not having been complied with, the present suit was instituted against the defendant on his contract of guaranty. The latter, by his answer, denied liability upon two grounds: First, that the plaintiff's work was so carelessly and improperly done as to cause considerable damage to the building in which the fixtures were installed, and that his guaranty was conditioned upon the proper installation of the fixtures by the plaintiff; and second, that his contract of guaranty had been legally canceled by him before any payments to the plaintiff had accrued under the primary contract or before any work had been done by the plaintiff in the installation of the fixtures. The proofs submitted on the part of the defendant show that some ten days after the making of the contract the Roman Realty and Construction Company, by its duly authorized agent, notified the plaintiff by letter not to proceed in the performance of the contract; that afterward the plaintiff had a conversation with the owner's representative, at which Dr. Harris, the defendant, was present; that the plaintiff asked what was meant by the letter instructing him not to proceed with the work, to which the company's agent replied: "I mean what I said in this letter, that you cannot start work unless that guaranty of Dr. Harris gets off the agreement or contract. I do not need Dr. Harris to sign. If I am not good enough for the job, we don't want you to work at it." The plaintiff then left, but came back in twenty minutes to the agent's office and said to him: "All right, I don't need any agreement. I am going to work the job. I never leave a job that I take, and I am going to continue with the work without any guaranty." The plaintiff denied having agreed to release the defendant from his guaranty, but admitted that after the conversation to which we have referred he proceeded with the installation of the fixtures. At the close of the trial the court charged the jury that if the guaranty continued until the work was done, Dr.

Harris must pay over the amount of the contract or that amount less what the jury should find ought to be deducted because of faulty work, if there was any faulty work; that is, if the contract was not properly performed; and if, on the other hand, they should find that the contract of guaranty was revoked, as Dr. Harris says, then of course there must be a verdict of no cause of action. The jury rendered a verdict in favor of the defendant. That verdict must be presumed to have been rendered in accordance with the instructions of the court; in other words, it is an implied finding that the contract of guaranty was revoked.

The first ground upon which we are asked to make this rule to show cause absolute is that the verdict is contrary to the weight of the evidence. We think there is no merit in this contention. The sole finding of the jury, by necessary implication, was that the contract of guaranty had been revoked by the parties, and, in our opinion, the weight of the evidence upon that phase of the case supported the jury's finding.

The next contention is that the verdict is the result of mistake, passion or prejudice on the part of the jury. What has already been stated disposes of this point.

Next it is said that the court erred in admitting in evidence the letter written by the agent of the owner to which reference has already been made. The argument is that there was no proof that this letter was properly addressed to the defendant, nor that it was ever received by him. According to the testimony submitted by the defendant, after the writing and mailing of the letter the plaintiff and the agent of the owner had a conversation, in the course of which the plaintiff asked the agent, "what was meant by this letter," which was the letter admitted in evidence. In view of this question it is manifest, if the testimony was true, that the plaintiff had received the letter, and that being so, the question of whether or not it was properly addressed is immaterial. He received the letter, according to the testimony submitted by the defendant, and then agreed to act and did act in accordance with the instructions contained therein.

In this situation the court properly admitted the letter itself in evidence.

Next, it is urged that the court erred in refusing to allow the following question, put to the agent of the owner of the building, on cross-examination: "Were any other contracts guaranteed by Mr. Harris?" It seems to us very plain that this question called for an answer which had no relevancy to the subject-matter in litigation, and that for this reason it was properly excluded.

Lastly, it is contended that the court erred in charging the jury that the notice contained in the letter already referred to, if sent, constituted a revocation of the guaranty; but a reading of the charge shows that no such instruction was submitted. The charge of the court, in effect, was that if the notice of the cancellation of the guaranty was received by the plaintiff and he acquiesced in such cancellation, the jury should return a verdict of no cause of action. This instruction was entirely justified by the proofs submitted on the part of the defendant.

We conclude that the rule to show cause should be discharged.